IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA FOR THE USE AND BENEFIT OF CRAWFORD ELECTRIC SUPPLY COMPANY, INC. | )( | |
| VS. | )( | CIVIL ACTION NO. 5:15-cv-00558-DAE |
| McMULLEN GLOBAL SERVICES, INC. D/B/A MGS CONSTRUCTION; SATTERFIELD AND PONTIKES CONSTRUCTION, INC.; LIBERTY MUTUAL INSURANCE COMPANY; CONTINENTAL CASUALTY COMPANY; and PAT McMULLEN, INDIVIDUALLY | )( | |

## USE COMPLAINANT'S FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF THE UNITED STATES DISTRICT COURT, FOR THE WESTERN DISTRICT OF TEXAS, SAN ANTONIO DIVISION:

Now comes Use Complainant, CRAWFORD ELECTRIC SUPPLY COMPANY, INC. (CRAWFORD), a Delaware Corporation, duly authorized to do business and actually doing business in the State of Texas, and files this its First Amended Complaint of and about McMULLEN GLOBAL SERVICES, INC. D/B/A MGS CONSTRUCTION (MGS), SATTERFIELD AND PONTIKES CONSTRUCTION, INC. (S&P), LIBERTY MUTUAL INSURANCE COMPANY (LIBERTY), CONTINENTAL CASUALTY COMPANY (CONTINENTAL) and PAT McMULLEN, INDIVIDUALLY (McMULLEN).

## PARTIES AND SERVICE

1. **McMULLEN GLOBAL SERVICES, INC. D/B/A MGS CONSTRUCTION**, is a Texas Corporation, registered to do business in the State of Texas, and may be served with process by service upon its registered agent, Patrick Thomas McMullen, at 2914 Sonora Creek, San Antonio, Bexar County, Texas 78232.

2. **SATTERFIELD AND PONTIKES CONSTRUCTION, INC.**, is a Texas Corporation, registered to do business in the State of Texas, who has been served with process by service upon its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201-3136.

3. **LIBERTY MUTUAL INSURANCE COMPANY**, is a foreign fire and casualty company, registered to do business in the State of Texas, who has been served with process by service upon its registered agent, Corporation Service Company, at 211 East 7th Street, Suite 620, Austin, Travis County, Texas 78701-3218.

4. **CONTINENTAL CASUALTY COMPANY**, is a foreign fire and casualty company, registered to do business in the State of Texas, who has been served with process by service upon its registered agent, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Dallas County, Texas 75201-3136.

5. **PAT McMULLEN, INDIVIDUALLY**, is an individual who may be served with process at 14546 Brook Hollow, Suite 251, San Antonio, Bexar County, Texas 78232.

## JURISDICTION

6. This case arises and this Court has jurisdiction under Title 40 U.S.C. 270a through 270d under the United States Code Annotated, commonly called the Miller Act.

## FACTS

7. On or about September 20, 2011, the UNITED STATES OF AMERICA, acting by its duly authorized agent and S&P entered into a written contract number W9126G-11-C-0024, whereby S&P agreed to furnish all labor and materials and perform all the work required for the Lackland Airmen Training Center (ATC) Dormitory #3 at Lackland Air Force Base, San Antonio, Texas.

8. Pursuant to the provisions of the Miller Act, S&P as principal and LIBERTY AND CONTINENTAL as sureties, bound themselves jointly and severally in the sum of $45,885,000.00 to assure the payment by said principal of the claims of all persons supplying labor and materials for the prosecution of the work provided in said contract, and any and all modifications thereof. A true and correct copy of said payment bond is attached hereto, marked as **Exhibit "A"** and incorporated herein for all pertinent purposes.

9. The said bond was duly accepted by THE UNITED STATES OF AMERICA, and upon such acceptance, the contract for the construction of the Lackland Airmen Training Center (ATC) Dormitory #3 at Lackland Air Force Base, San Antonio, Texas job was awarded to S&P. Thereafter S&P entered into a contractual relationship with MGS whereby MGS was to supply certain materials and labor for the prosecution of the work required of S&P under its contract with THE UNITED STATES OF AMERICA.

10. Thereafter, MGS entered into a contract with CRAWFORD whereby CRAWFORD agreed to furnish materials required for the construction project and McMULLEN personally guaranteed said contract. A copy of said guaranty agreement is attached hereto and marked as **Exhibit "B"** and made a part hereof for all purposes.

11. Pursuant to the agreement, CRAWFORD supplied to MGS certain materials which were delivered to the Lackland Airmen Training Center (ATC) Dormitory #3 at Lackland Air Force Base, San Antonio, Texas job, for its use on the project for which MGS became indebted to CRAWFORD. The remaining balance due to CRAWFORD after allowing all just and lawful offsets and/or payments is the sum of $28,232.60, which has not been paid and all of which is owed to CRAWFORD.

12. More than ninety (90) days, but less than one year has expired from the last date upon which CRAWFORD furnished materials for the above referenced project. CRAWFORD has confirmed and complied with all of the conditions required of it under the payment bond and the Miller Act.

13. Notwithstanding the demand for payment to each of the Defendants, the Defendants have failed and neglected to pay CRAWFORD the sum of $28,232.60, which sum is the reasonable value of the materials furnished by CRAWFORD for use on the project.

## BREACH OF CONTRACT - BOND COMPANY AND CONTRACTOR

14. MGS, S&P, LIBERTY, CONTINENTAL and McMULLEN have breached the contract with CRAWFORD in that they have failed to pay CRAWFORD the monies due it for the labor and materials furnished, as above set forth.

## MILLER ACT CLAIMS

15. CRAWFORD has been required to bring suit for the enforcement and collection of the monies owed to it by reason of the failure and refusal of MGS to honor its lawful obligation. Further, Use-Complainant is a third party beneficiary of the contract of insurance as required by 40

U.S.C. 270 (a-d) and entitled to seek recovery from MGS, S&P, LIBERTY, CONTINENTAL and McMULLEN, under the Revised Civil Statutes of the State of Texas, *Texas Civil Practices and Remedies Code § 38.001* for the labor and materials furnished to MGS.

## PRAYER

WHEREFORE, THE UNITED STATES OF AMERICA on behalf of and to the use of CRAWFORD ELECTRIC SUPPLY COMPANY, INC. prays judgment of and from McMULLEN GLOBAL SERVICES, INC. D/B/A MGS CONSTRUCTION, SATTERFIELD AND PONTIKES CONSTRUCTION, INC., LIBERTY MUTUAL INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY and PAT McMULLEN, INDIVIDUALLY, jointly and severally, for the sum of $28,232.60 for labor and materials, all costs of court, together with interest at the highest rate thereon, from the date allowable under law, attorney's fees and such other general relief.

SIGNED this the 27th day of July, 2015.

Respectfully submitted,

**FORD MURRAY, PLLC**
Union Square II
10001 Reunion Place, Suite 640
San Antonio, Texas 78216
Telephone: (210) 731-6400
Telecopier: (210) 731-6401
mark.murray@fordmurray.com

By: ______________________________
S. MARK MURRAY
State Bar No. 14729300

ATTORNEYS FOR USE COMPLAINT
CRAWFORD ELECTRIC SUPPLY COMPANY, INC.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument was sent via e-mail, via telecopier and/or by first class mail to the following, on this the 27th day of July, 2015:

Jim Muska
Assistant General Counsel
11000 Equity Drive, Suite 100
Houston, Texas 77041
FAX: 713/996-1400
jmuska@satpon.com
ATTORNEYS FOR SATTERFIELD & PONTIKES CONSTRUCTION, INC., LIBERTY MUTUAL INSURANCE COMPANY AND CONTINENTAL CASUALTY COMPANY

James Montgomery, Jr.
JAMES MONTGOMERY P.C.
2702 Treble Creek
San Antonio, Texas 78258
FAX: 568-4550
jemlaw@mac.com
ATTORNEY FOR MCMULLEN GLOBAL SERVICES, INC. D/B/A MGS CONSTRUCTION AND PAT MCMULLEN, INDIVIDUALLY

__________________________
S. MARK MURRAY

Case 5:15-cv-00558-DAE Document 1 Filed 07/08/15 Page 6 of 9

**Continental Bond #929537824**
**Liberty Bond #5852020103**

| PAYMENT BOND *(See instructions on reverse)* | DATE BOND EXECUTED *(Must be same or later than date of contract)* September 21, 2011 | OMB No.: 9000-0045 |
|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (MVR), Federal Acquisition Policy Division, GSA, Washington, DC 20405

| PRINCIPAL *(Legal name and business address)* | TYPE OF ORGANIZATION *("X" one)* |
|---|---|
| **SATTERFIELD & PONTIKES CONSTRUCTION, INC.**<br>**11000 Equity Drive, Suite 100**<br>**Houston, Texas 77041** | ☐ INDIVIDUAL ☐ PARTNERSHIP<br>☐ JOINT VENTURE ☒ CORPORATION<br>STATE OF INCORPORATION: **Texas** |

| SURETY(IES) *(Name(s) and business address(es))* | PENAL SUM OF BOND | | | |
|---|---|---|---|---|
| | MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
| **Continental Casualty Company, 333 S. Wabash Ave., Chicago, IL 60604**<br>**AND**<br>**Liberty Mutual Insurance Company, 175 Berkeley Street, Boston, MA 02116** | 45 | 885 | 000 | 00 |
| | CONTRACT DATE: **September 20, 2011** | CONTRACT NO.: **W9126G-11-C-0024 -Lackland Airmen Training Center (ATC) Dormitory #3, Lackland AFB, San Antonio, Texas** | | |

## OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

## CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

## WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

**Satterfield & Pontikes Construction, Inc.** PRINCIPAL

| | 1. | 2. | 3. | |
|---|---|---|---|---|
| SIGNATURE(S) | [signature] (Seal) | (Seal) | (Seal) | Corporate Seal |
| NAME(S) & TITLE(S) *(Typed)* | Janet Townsley<br>General Counsel | 2. | 3. | |

INDIVIDUAL SURETY(IES)

| | 1. | 2. |
|---|---|---|
| SIGNATURE(S) | (Seal) | (Seal) |
| NAME(S) *(Typed)* | 1. | 2. |

CORPORATE SURETY(IES)

| SURETY A | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|
| NAME & ADDRESS | **Continental Casualty Company**<br>**333 S. Wabash Ave., Chicago, IL 60604** | **Illinois** | $ **50%** | Corporate Seal |
| SIGNATURE(S) | 1. [signature] | 2. | | |
| NAME(S) & TITLE(S) *(Typed)* | 1. **Kristi Lovett**<br>**Attorney-in-Fact** | 2. | | |

AUTHORIZED FOR LOCAL REPRODUCTION
Previous edition is usable

STANDARD FORM 25A (REV. 10-98)
Prescribed by GSA-FAR (48 CFR) 53.228(c)

"Reviewed for legal sufficiency
(AFARS 1-602-2)" MC 9/23/2011

EXHIBIT A

Case 5:15-cv-00558-DAE Document 1 Filed 07/08/15 Page 7 of 9

CORPORATE SURETY(IES) *(Continued)*

| | | | STATE OF INC. | LIABILITY LIMIT | |
|---|---|---|---|---|---|
| SURETY B | NAME & ADDRESS | Liberty Mutual Insurance Company 175 Berkeley Street, Boston, MA 02116 | Massachusetts | $ 50% | Corporate Seal |
| | SIGNATURE(S) | 1. [signature] | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. Kristi Lovett Attorney In Fact | 2. | | |
| SURETY C | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY D | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY E | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY F | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |
| SURETY G | NAME & ADDRESS | | | $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) *(Typed)* | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-270e). Any deviation from this form will require the written approval of the Administrator of General Services.

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of approved sureties and must act within the limitation listed therein. Where more than one corporate surety is involved, their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)" on the face of the form, insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28) for each individual surety, shall accompany the bond. The Government may require the surety to furnish additional substantiating information concerning their financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the word "Corporate Seal", and shall affix an adhesive seal if executed in Maine, New Hampshire, or any other jurisdiction requiring adhesive seals.

5. Type the name and title of each person signing this bond in the space provided.

Case 5:15-cv-00558-DAE Document 1 Filed 07/08/15 Page 8 of 9

# POWER OF ATTORNEY APPOINTING INDIVIDUAL ATTORNEY-IN-FACT

**Know All Men By These Presents,** That Continental Casualty Company, an Illinois insurance company, National Fire Insurance Company of Hartford, an Illinois insurance company, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania insurance company (herein called "the CNA Companies"), are duly organized and existing insurance companies having their principal offices in the City of Chicago, and State of Illinois, and that they do by virtue of the signatures and seals herein affixed hereby make, constitute and appoint

**Joni Bowen, David G Miclette, Samuel F Bowen, Edward G Britt Jr, Robert C Davis, Mary Ann Garcia, Kristi Lovett, Barry K Mc Cord, David T Miclette, Brett A Tisdale, Ashley Britt Russell, Individually**

of Houston, TX, their true and lawful Attorney(s)-in-Fact with full power and authority hereby conferred to sign, seal and execute for and on their behalf bonds, undertakings and other obligatory instruments of similar nature

**- In Unlimited Amounts -**

and to bind them thereby as fully and to the same extent as if such instruments were signed by a duly authorized officer of their insurance companies and all the acts of said Attorney, pursuant to the authority hereby given is hereby ratified and confirmed.

This Power of Attorney is made and executed pursuant to and by authority of the By-Law and Resolutions, printed on the reverse hereof, duly adopted, as indicated, by the Boards of Directors of the insurance companies.

**In Witness Whereof,** the CNA Companies have caused these presents to be signed by their Senior Vice President and their corporate seals to be hereto affixed on this 27th day of July, 2011.

(Seals: CONTINENTAL CASUALTY COMPANY CORPORATE SEAL 1897; NATIONAL FIRE INSURANCE COMPANY OF HARTFORD; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA INCORPORATED JULY 31, 1902)

Continental Casualty Company
National Fire Insurance Company of Hartford
American Casualty Company of Reading, Pennsylvania

Stathy Darcy — Senior Vice President

State of Illinois, County of Cook, ss:

On this 27th day of July, 2011, before me personally came Stathy Darcy to me known, who, being by me duly sworn, did depose and say: that she resides in the City of Glenview, State of Illinois; that she is a Senior Vice President of Continental Casualty Company, an Illinois insurance company, National Fire Insurance Company of Hartford, an Illinois insurance company, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania insurance company described in and which executed the above instrument; that she knows the seals of said insurance companies; that the seals affixed to the said instrument are such corporate seals; that they were so affixed pursuant to authority given by the Boards of Directors of said insurance companies and that she signed her name thereto pursuant to like authority, and acknowledges same to be the act and deed of said insurance companies.

OFFICIAL SEAL
ELIZA PRICE
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:09/17/13

My Commission Expires September 17, 2013

Eliza Price — Notary Public

## CERTIFICATE

I, Mary A. Ribikawskis, Assistant Secretary of Continental Casualty Company, an Illinois insurance company, National Fire Insurance Company of Hartford, an Illinois insurance company, and American Casualty Company of Reading, Pennsylvania, a Pennsylvania insurance company do hereby certify that the Power of Attorney herein above set forth is still in force, and further certify that the By-Law and Resolution of the Board of Directors of the insurance companies printed on the reverse hereof is still in force. In testimony whereof I have hereunto subscribed my name and affixed the seal of the said insurance companies this 21ST day of September, 2011.

(Seals: CONTINENTAL CASUALTY COMPANY CORPORATE SEAL 1897; NATIONAL FIRE INSURANCE COMPANY OF HARTFORD; AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA INCORPORATED JULY 31, 1902)

Continental Casualty Company
National Fire Insurance Company of Hartford
American Casualty Company of Reading, Pennsylvania

Mary A. Ribikawskis — Assistant Secretary

Form F6853-1/2011

Case 5:15-cv-00558-DAE Document 1 Filed 07/08/15 Page 9 of 9

## Authorizing By-Laws and Resolutions

ADOPTED BY THE BOARD OF DIRECTORS OF CONTINENTAL CASUALTY COMPANY:

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the Board of Directors of the Company.

### "Article IX—Execution of Documents

Section 3. Appointment of Attorney-in-Fact. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President may, from time to time, appoint by written certificates attorneys-in-fact to act in behalf of the Company in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such attorneys-in-fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Company by their signature and execution of any such instruments and to attach the seal of the Company thereto. The Chairman of the Board of Directors, the President or any Executive, Senior or Group Vice President or the Board of Directors, may, at any time, revoke all power and authority previously given to any attorney-in-fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company at a meeting duly called and held on the 17th day of February, 1993.

"Resolved, that the signature of the President or any Executive, Senior or Group Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted pursuant to Section 3 of Article IX of the By-Laws, and the signature of the Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company."

ADOPTED BY THE BOARD OF DIRECTORS OF AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA:

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the Board of Directors of the Company.

### "Article VI—Execution of Documents

Section 3 Appointment of Attorney-in-Fact. The Chairman of the Board of Directors, the President or any Executive or Senior Vice President may, from time to time, appoint by written certificates attorneys-in-fact to act in behalf of the Company in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such attorneys-in-fact, subject to the limitations set forth in their respective certificates of authority, shall have full power to bind the Company by their signature and execution of any such instruments and to attach the seal of the Company thereto. The Chairman of the Board of Directors, the President or any Executive or Senior Vice President or the Board of Directors may at any time revoke all power and authority previously given to any attorney-in-fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company at a meeting duly called and held on the 17th day of February, 1993.

"Resolved, that the signature of the President or any Executive, Senior or Group Vice President and the seal of the Company may be affixed by facsimile on any power of attorney granted pursuant to Section 2 of Article VI of the By-Laws, and the signature of the Secretary or an Assistant Secretary and the seal of the Company may be affixed by facsimile to any certificate of any such power and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Company. Any such power so executed and sealed and certified by certificate so executed and sealed shall, with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Company."

ADOPTED BY THE BOARD OF DIRECTORS OF NATIONAL FIRE INSURANCE COMPANY OF HARTFORD:

This Power of Attorney is made and executed pursuant to and by authority of the following By-Law duly adopted by the Board of Directors of the Company.

### "Article VII—Execution of Documents

Section 3. Appointment of Attorney-in-Fact. The Chairman of the Board of Directors, the President or any Executive or Senior Vice President may, from time to time, appoint by written certificates attorneys-in-fact to act in behalf of the Company in the execution of policies of insurance, bonds, undertakings and other obligatory instruments of like nature. Such attorneys-in-fact, subject to the limitations set forth in their respective certificates of authority shall have full power to bind the Company by their signature and execution of any such instruments and to attach the seal of the Company thereto. The Chairman of the Board of Directors, the President or any Executive, Senior Vice President or the Board of Directors, may, at any time, revoke all power and authority previously given to any attorney-in-fact."

This Power of Attorney is signed and sealed by facsimile under and by the authority of the following Resolution adopted by the Board of Directors of the Company at a meeting duly called and held on the 17th day of February, 1993.

"RESOLVED: That the signature of the President, an Executive Vice President or any Senior or Group Vice President and the seal of the Insurance Company may be affixed by facsimile on any power of attorney granted pursuant to the Resolution adopted by this Board of Directors on February 17, 1993 and the signature of a Secretary or an Assistant Secretary and the seal of the Insurance Company may be affixed by facsimile to any certificate of any such power, and any power or certificate bearing such facsimile signature and seal shall be valid and binding on the Insurance Company. Any such power so executed and sealed and certified by certificate so executed and sealed, shall with respect to any bond or undertaking to which it is attached, continue to be valid and binding on the Insurance Company."

5,000 ok Calpen 2-7-11

**CESCO**

**Crawford Electric Supply Company, Inc.**

# Application for Credit

DATE: ______

SALES REP: ______

CUSTOMER MARKET: ______

**CHECK THE BOX FOR THE LOCATION WHERE YOU ARE APPLYING.**

☐ **DALLAS**
10444 N Stemmons Frwy
Dallas, TX 75220
(972) 869-3633
Fax (972) 869-0533

☐ **HOUSTON**
7390 Northcourt Rd.
Houston, TX 77040
(713) 476-0788
Fax (713) 263-1731

☐ **FORT WORTH**
108 E Industrial Ave.
Ft. Worth, TX 76104
(817) 429-1338
Fax (817) 429-1373

☐ **SAN ANTONIO**
2510 E Bitters Rd.
Suite 1500
San Antonio, TX 78217
(210) 805-9898
Fax (210) 805-9897

☐ **NEW BRAUNFELS**
2434A Goodwin Lane
New Braunfels, TX 78130
(830) 627-3344
Fax (830) 627-3345

☐ **COLLEGE STATION BRYAN**
3125 S Texas Ave
Bryan, TX 77082
(979) 823-5010
Fax (979) 823-5015

☐ **AUSTIN**
4209 S Industrial Dr.
Suite 350
Austin, TX 78744
(512) 448-1100
Fax (512) 448-0500

☐ **NEW ORLEANS**
200 L & A Road
Metairie, LA 70001
(504) 731-0480
Fax (504) 731-0490

☐ **CONROE**
800 Old Montgomery Road
Conroe, TX 77301
(936) 539-1640
Fax (936) 539-1845

Purchaser requests that Crawford Electric Supply Co., Inc. (CESCO) extend credit to Purchaser to buy merchandise. Purchaser verifies that the following information is true and accurate, and Purchaser knows that CESCO will rely on the information in its determination of whether credit should be extended. Purchaser promises to pay for all credit purchases according to the Terms and Conditions of Credit Sale (on back).

Business Name: MGS Construction Tel # (210)544-9028 Fax # (210) 878-4056

Mailing Address: 10824 Gulfdale City: San Antonio State: TX Zip: 78216

Street Address: Same City: Same State: ____ Zip: ____

Business Structure: ☐ Sole Proprietorship ☐ Partnership ☒ Corporation ☐ Government ☐ LLC

Date Established: 6/08 Federal Tax I.D. # 801020923

| Name of Principals | Home Address | Telephone # | Soc Sec # & D.L. # |
|---|---|---|---|
| Pat McMullen | 2914 Sonora Creek, SAT 78232 | 210-378-4898 | 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 |

## Local Trade References and Bank

| Name | Complete Address | Telephone # | Fax # |
|---|---|---|---|
| 1. Hill Country Elec Supply | | (210)653-2483 | 210 653-264 |
| 2. Alamo Iron Works | | (210)223-6160 | ( ) |
| 3. Dealers Elec Supply | | 254 756-7251 | ( ) |

Bank Names: Frost Bank Branch: 28th Thousand Oaks Tel # (210)222-6887 Fax # (210)220-637

Date Account Opened: Oct, 2010 Acct#: 75 02 38083 Officer Jennifer Des Hotel

Are your purchases exempt from sales tax? ☐ Yes ☒ No
*If yes, a copy of the Resale Tax Certificate must accompany this credit application.*

Do you prefer a purchase order number on invoices/packing slips? ☒ Yes ☐ No

Do you prefer prices on bills of lading/packing slips? ☐ Yes ☒ No

Do you prefer multiple invoice copies? ☐ Yes ☒ No
*If yes, how many would you prefer?* ______

Do you request the invoices emailed to your accounts payable office? ☒ Yes ☐ No
*If yes, please provide the email address.* Cassie.Kreuger@mgs-inc.xom

You expressly agree and understand that regardless of your answers to the immediate four questions, CESCO is not required under the terms of this applications of credit to provide you with purchase orders, prices on bills of lading/packing slips, multiple invoice copies or invoices emailed, but that CESCO will attempt to provide such merely as a courtesy. You further agree and understand that you are not excused from paying for material purchased from CESCO in the event that CESCO fails to extend this courtesy.

**Terms and Conditions of Credit Sale on Back**

**EXHIBIT B**

# Crawford Electric Supply Co., Inc.
## Terms and Conditions of Credit Sale

The Purchaser hereby acknowledges that, in the event that Crawford Electric Supply Company, Inc. (CESCO) in its sole discretion, grants credit to Purchaser, Purchaser intends to purchase merchandise from CESCO and intends to continue to make intermittent purchases. The following terms and conditions will govern such purchases:

1. All orders are subject to acceptance by CESCO in its sole discretion;
2. Prices are subject to change without notice, unless otherwise stated;
3. All payments on account must be made within the terms stated on each invoice;
4. Accounts immediately become past due if not paid within the term stated on the invoice;
5. CESCO will charge a service charge of 1.5% per month (18.0% per annum), or the maximum legal rate, whichever is less. The service charge will be assessed on the past due portion of the account. In the event that outside collection efforts are necessary, the undersigned hereby agrees to pay reasonable collection costs, disbursements and attorney's fees;
6. Purchaser agrees to pay all taxes unless a Resale Tax Certificate is supplied to CESCO, and Purchaser acknowledges that the prices quoted do not include any taxes;
7. Purchaser acknowledges that all claims for shortages (other than those lost in transit) must be made in writing within five (5) days after receipt of shipment, or any claim for shortages is waived;
8. Purchaser agrees that Purchaser's receipt of any invoice setting forth the amount owed to CESCO accurately represents Purchaser's account stated regarding said invoice unless, within thirty (30) days of receipt of the invoice, Purchaser objects to the invoice in writing and said written objection is delivered to CESCO;
9. CESCO shall not be held responsible or held liable for damages resulting from causes beyond its control or caused by fire, flood, accidents, delay in transit, labor difficulty, inability of our normal sources of supply to ship, any law, act or regulation of any government body;
10. Products sold by CESCO are warranted only to the extent of any applicable manufacturer's warranty;
11. CESCO reserves the right to limit or deny the extension of credit to Purchaser at its sole discretion and without recourse to the Purchaser and without notice to the Purchaser;
12. Purchaser acknowledges that Purchaser may or may not issue signed purchase orders and authorizes CESCO to take orders verbally, via telephone, by facsimile or computer transmission and to act upon such orders as if a signed P.O. was issued;
13. If Purchaser does not pay the balance when due or breaches any other terms of the Credit Application, CESCO may demand the entire unpaid balance to be paid immediately and as provided by law, commence any legal action for collection of the balance due;
14. Purchaser shall indemnify and hold harmless CESCO against all damage resulting from liabilities incurred to Purchaser or to any third party as a result of Purchaser's order of material from CESCO.

Terms or conditions of any purchase order or other form issued by the purchaser, which are in addition to, modify or are inconsistent with the CESCO's Terms and Conditions will not be binding upon CESCO unless agreed to in a separate writing executed by an officer of CESCO.

Purchaser hereby authorizes the bank(s) and/or supplier(s) named on this Application to release any and all information to CESCO with regard to the financial condition, credit history, account balances and the like to CESCO. A copy of this Authorization shall be as valid as the orginal.

Name of Firm: MGS Construction

Date Signed: 12/6/2010

By: [signature]

Title: President

For good consideration, and as an inducement for Crawford Electric Supply Company to extend credit, it is hereby agreed that the undersigned does personally guaranty the prompt, punctual and full payment of all monies owed on the open account.

By: [signature]

Please return the signed credit application along with the most recently audited company financials. Thank you.